IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01531-BNB

TERRY BLEVINS,

      Plaintiff,

v.

JIM KELLER,
TASHA DOBBS,
JEFF WELLS,
CAROLYNNE SONDA,
D. COOL,
STAN H.,
BEHAVIOR CLINICAL SERVICES,
ROBERT ARMENTA,
MESA COUNTY DETENTION FACILITY, and
MESA COUNTY SHERIFF'S OFFICE,

      Defendants.

*FILED*
~~RECEIVED~~
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 21 2009
GREGORY C. LANGHAM
CLERK

---

## ORDER TO DISMISS IN PART AND TO ASSIGN IN PART

---

      Plaintiff, Terry Blevins, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Limon, Colorado, correctional facility. Mr. Blevins filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3), alleging that his constitutional rights have been violated.

      On July 24, 2009, Magistrate Judge Craig B. Shaffer determined that the complaint was deficient because it failed to allege the personal participation of all named Defendants. Therefore, Magistrate Judge Shaffer ordered Mr. Blevins to file a amended complaint. Mr. Blevins filed an amended complaint on August 10, 2009.

      Mr. Blevins has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua*

*sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court must construe the amended complaint liberally because Mr. Blevins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Mr. Blevins asserts four claims in the amended complaint. First, he alleges that the conditions of his parole violate his right to due process and the Ex Post Facto Clause. Amended Complaint at 8. In his second claim, he alleges that the conditions of his parole violate his right to be free from cruel and unusual punishment. *Id.* at 10. He also alleges that Defendant Jeff Wells handcuffed him in a manner that caused pain and injury to his right shoulder. *Id.* In his third claim, he asserts that Defendants Wells, Keller and Armenta retaliated against him for his legal activity. *Id.* at 11. In his fourth claim, he asserts that he was denied his right to access the courts when Defendants

2

Wells and Dobbs confiscated some of his legal materials. *Id.* at 12. He also asserts that Defendants Mesa County Detention Facility (MCDF) and Mesa County Sheriff's Office (MCSO) do not provide him with legal assistance or legal materials, in denial of his right to access the courts. *Id.* at 12-13. Mr. Blevins seeks damages in addition to injunctive relief.

Mr. Blevins' first claim contains two parts. In part one of his first claim, he asserts that the conditions of his parole are overly restrictive and violate his right to due process. Amended Complaint at 8. Mr. Blevins alleges that the restrictions placed on him by Defendants Tasha Dobbs, Jim Keller and Robert Armenta include prohibitions against shopping at certain stores, attending college, or having contact with his children. *Id.* at 8-9. He also alleges that he was required to attend therapy sessions and take lie detector tests. *Id.* Mr. Blevins further asserts that he violated these parole restrictions, and was arrested and incarcerated as a result. *Id.* at 5-6.

Mr. Blevins seeks compensatory and punitive damages for the alleged violation of his constitutional rights. However, Mr. Blevins' claims for damages regarding the conditions of his parole are improper. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id*. at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v.*

*Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam).  Here, Mr. Blevins

challenges the conditions of his parole, and by extension, the revocation of his parole

following his refusal to follow the conditions.

This claim for damages would necessarily imply the invalidity of the conditions of

his parole, and therefore, the revocation of his parole.  Pursuant to *Heck*, Mr. Blevins

may not seek an award of damages unless he successfully has invalidated his parole

revocation prior to bringing action.  Mr. Blevins does not allege that he has invalidated

his parole revocation.  Therefore, it is clear that his claim for damages is barred by

*Heck*.

In the second portion of his first claim, Mr. Blevins asserts that the conditions of

his parole violate the Ex Post Facto Clause.  Mr. Blevins appears to argue that requiring

his participation in a treatment program that has only been mandated by law after the

date of his sentencing constitutes an ex post facto violation.  The Court finds that this

claim is also without merit.

The Ex Post Facto Clause prohibits states from passing laws that retroactively

alter the definition of crimes or increase the punishment for criminal acts.  *See Powell*

*v. Ray*, 301 F.3d 1200, 1203 (10th Cir. 2002).  The Tenth Circuit has held that a law or

regulation violates the Ex Post Facto Clause if the law: (1) applies to events occurring

before it was enacted, and (2) disadvantages the plaintiff by changing the definition of

criminal conduct or increasing the sentence thereof.  *Smith v. Scott*, 223 F.3d 1191,

1193-94 (10th Cir. 2002) (citing *Lynce v. Mathis*, 519 U.S. 433, 441 (1997)).  Ex post

facto restrictions apply to matters of parole.  *See Garner v. Jones*, 529 U.S. 244, 249-

50 (2000).  However, the Tenth Circuit has noted that "in rehabilitative matters, prison

4

officials may consider any history established in the inmate's record which it may determine requires treatment," and has found that when the application of a treatment program does not affect the legal consequences of an inmate's crime or increase his punishment, there is no ex post facto violation. *See Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000). Mr. Blevins has not alleged that the treatment program affects the legal consequences of his crime or increases his punishment. None of the facts cited by Mr. Blevins meets the requirements of the test set forth in *Smith v. Scott*. Accordingly, this claim will be dismissed as legally frivolous.

Mr. Blevins' second claim contains two parts. In the first part of his second claim, Mr. Blevins asserts that the parole restrictions placed upon him by Defendants Dobbs, Keller and Armenta subject him to cruel and unusual punishment. Amended Complaint at 10.

With respect to this claim, Mr. Blevins seeks compensatory and punitive damages for the alleged cruel and unusual punishment imposed upon him by the conditions of his parole. As set forth above, this claim for damages would necessarily imply the invalidity of the conditions of his parole, and therefore, the revocation of his parole. Pursuant to *Heck*, Mr. Blevins may not seek an award of damages unless he successfully has invalidated his parole revocation prior to bringing action. Mr. Blevins does not allege that he has invalidated his parole revocation. Therefore, it is clear that his claim for damages is barred by *Heck*.

With respect to the second portion of his second claim, Mr. Blevins asserts that when he was arrested, he informed Defendant Dobbs that he had an injury to his right shoulder, and requested to be handcuffed in front to prevent further injury. Amended

5

Complaint at 5.  He alleges that Defendant Dobbs maliciously handcuffed him behind his back, which caused pain and further injury to his shoulder.  *Id.* at 5.  This claim is not appropriate for summary dismissal, and will be assigned to District Judge Marcia S. Krieger, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Kathleen M. Tafoya.

Mr. Blevins' third claim has two parts.  In the first part of his third claim, he asserts that Defendants Wells, Keller and Armenta retaliated against him for violating the conditions of his parole.  Amended Complaint at 11.  He alleges that he filed a previous lawsuit in this Court on March 3, 2009, which also challenged the conditions of his parole.  *Id.* at 4.  He asserts that because he filed a Motion for Temporary Restraining Order with the previous lawsuit, he believed that he was not required to comply with the conditions of his parole until the Court ruled on the merits of his Motion for Temporary Restraining Order.  *Id.* at 4-5.  He asserts that he was arrested for violating the conditions of his parole on March 8, 2009.  *Id.* at 5.

Mr. Blevins is correct that prison officials may not retaliate against an inmate for exercising his constitutional rights.  ***See Peterson v. Shanks***, 149 F.3d 1140, 1144 (10th Cir. 1998).  However, he fails to allege specific facts that demonstrate any of the named Defendants retaliated against him.  In fact, Mr. Blevins admits that Defendants actually arrested him due to violation of his parole conditions.  Mr. Blevins does not have a constitutional right to violate his parole.  Accordingly, this claim will be dismissed as legally frivolous.

As the second part of his third claim, he alleges that when he was arrested by Defendant Wells, he informed Defendant Wells that he was going to file a lawsuit

6

against him.  Amended Complaint at 11.  Mr. Blevins alleges that Defendant Wells then maliciously handcuffed him behind his back, causing pain and further injury to his shoulder, in retaliation for his protected legal activity.  *Id.*  This claim will be assigned to District Judge Marcia S. Krieger, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Kathleen M. Tafoya, because it does not appear appropriate for summary dismissal.

In his fourth claim, Mr. Blevins asserts that Defendants Dobbs and Wells confiscated some of his legal materials during his arrest.   Amended Complaint at 12. He also asserts that Defendants MCDF and MCSO refuse to provide prisoners with access to legal assistance and legal materials, including paper, pen, copies, postage and envelopes.  *Id.*  He argues that these actions violate his right to access the courts. *Id.*  He further argues that he was denied the right to file grievances in regard to this matter.  *Id.*

To assert a claim for denial of access to the courts, Mr. Blevins must plead and prove that he was actually impeded in his ability to conduct a particular case.  *See Lewis v. Casey*, 518 U.S. 343 (1996).  The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus.  *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995).  An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a non-frivolous claim.  *Casey*, 518 U.S. at 349-353.

7

In *Casey*, the Supreme Court cited two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Id.* at 351. In addition, an inmate's efforts would be hindered when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.*

Mr. Blevins' access to the courts claim lacks merit because he does not allege any actual injury in connection with the preparation of an initial pleading raising a nonfrivolous legal claim in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Casey*, 518 U.S. at 349-55. Further, neither of the examples set forth in *Casey* are at issue in this case. Mr. Blevins has been able to file at least four cases in this Court over the past year. Moreover, Mr. Blevins has no constitutional right, per se, to photocopies. Therefore, claim four will be dismissed as legally frivolous.

Mr. Blevins' contention that his constitutional rights were violated because he was denied the necessary form to file a grievance also lacks merit. This is because, even if Mr. Blevins had not been allowed to file a grievance, that fact alone would not demonstrate the violation of a constitutional right. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam); *see also Sawyer v. Green*, 316 Fed. Appx. 715, 717 n.3 (10th Cir. June 20, 2008) (unpublished decision). Therefore, because Mr. Blevins fails to allege facts that might support an arguable claim, the fourth claim will be dismissed as legally frivolous.

8

Finally, as for Defendant Stan H., Mr. Blevins fails to assert how this defendant personally participated in violating his constitutional rights. Magistrate Judge Shaffer instructed Mr. Blevins in the July 24, 2009, Order that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Blevins must show that each named defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Furthermore, Mr. Blevins was instructed that in keeping with *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007), he must explain what each defendant did to harm him, when the defendant did the harmful act, how he was injured, and what specific legal right the defendant violated. Therefore, Defendant Stan H. is an improper party to the action and will be dismissed. Accordingly, it is

ORDERED that part one of claim one is dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that part two of claim one is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

FURTHER ORDERED part one of claim two is dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that part one of claim three is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

FURTHER ORDERED that claim four is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

FURTHER ORDERED that Defendant Stan H. be dismissed as a party to this action.  It is

FURTHER ORDERED that the clerk of the Court remove the names of Jim Keller, Tasha Dobbs, Carolynne Sonda, D. Cool, Stan H., Behavior Clinical Services, Robert Armenta, Mesa County Detention Facility and Mesa County Sheriff's Office as parties to this action.  The only remaining Defendant is Jeff Wells.  It is

FURTHER ORDERED that part two of claim two and part two of claim three and the case are assigned to District Judge Marcia S. Krieger, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Kathleen M. Tafoya.

DATED at Denver, Colorado, this _20_ day of _____ _Oct._ _____, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-01531-BNB

Terry Blevins
Prisoner No. 111164
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

        I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on 10/21/09

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                        Deputy Clerk