IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01531–WJM–KMT

TERRY BLEVINS,

    Plaintiff,

v.

JEFF WELLS,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on "Defendant's Motion for Summary Judgment" (Doc. No. 64 [Mot.], filed October 18, 2010). Plaintiff filed his response on November 5, 2010 (Doc. No. 66 [Resp.]), and Defendant filed his reply on November 18, 2010 (Doc. No. 67 [Reply].) The motion is ripe for the court's ruling and recommendation.

*I.      STATEMENT OF THE CASE*

    The following facts are taken from Plaintiff's Amended Prisoner Complaint (Am. Compl.) and the parties' submissions with respect to this Recommendation. Plaintiff alleges claims of Cruel and Unusual Punishment and Retaliation against Defendant Wells, a Parole

Officer employed by the Colorado Department of Corrections (CDOC).[1]  (*See* Am. Compl. at 10–11.)

Plaintiff states on March 12, 2009, Defendant Wells arrested him for a parole violation. (*Id.* at 5.)  Plaintiff alleges while he was being escorted in handcuffs from the Veterans Administration Medical Center, where he was being treated at the time, Plaintiff advised Defendant Wells that he had previously obtained a shoulder injury from being placed in handcuffs. (*Id.*)  According to Plaintiff, Defendant Wells told Plaintiff that he would switch the handcuffs to Plaintiff's front side when they reached the car.  (*Id.*)  Plaintiff then advised Defendant Wells that "unfortunately [Defendant Wells] would be added to plaintiff's lawsuit." (*Id.*)  Plaintiff alleges when Plaintiff and Defendant Wells reached the car, Defendant Wells did not switch the cuffs, "since [Plaintiff] was going to sue him why not go all the way."  (*Id.*) Plaintiff alleges the failure to change the position of the handcuffs inflicted injury to Plaintiff. (*Id.* at 10, 11.)  Plaintiff alleges Defendant Wells subjected Plaintiff to needless pain and cruel and usual punishment.  (*Id.* at 10.)  Plaintiff also contends Defendant Wells failed to change the position of the cuffs in retaliation for Plaintiff's statement that Plaintiff was going to sue Defendant Wells.  (*Id.* at 11.)  Plaintiff seeks compensatory damages and punitive damages.  (*Id.* at 15.)

---

[1]The remaining claims and defendants were dismissed by Senior Judge Zita L. Weinshienk on October 20, 2009.  (*See* Doc. No. 12.)

2

## II. LEGAL STANDARDS

### A. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B. *Summary Judgment Standard*

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears

the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(e)(2). A disputed fact is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

### III.     ANALYSIS

#### A.      *Failure to Exhaust Administrative Remedies*

Defendant moves for summary judgment based upon Plaintiff's failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), Title 42 U.S.C. § 1997e(a). (Mot. at 12–13.) Prior to filing this civil action, Plaintiff was required to exhaust administrative remedies pursuant to PLRA. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In *Jones v. Bock*, 549 U.S. 199 (2007), the United States Supreme Court that failure to exhaust administrative remedies is an affirmative defense under the PLRA, and prison inmates are not required to plead or demonstrate exhaustion in their complaints. *Id.*, 199 U.S. at 216.

In his Complaint, Plaintiff acknowledges that he has not exhausted his available administrative remedies. (Compl. at 14.) However, Plaintiff argues that the "[d]efense does not state where such a grievance should have been filed." (Resp. at 3.) Plaintiff also argues that the he filed this lawsuit while he "was a parolee on the streets." (*Id.*) However, the Court's docket shows that Plaintiff filed his "Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" on June 16, 2009, and the court docketed Plaintiff's original Prisoner Complaint on June 30, 2009, while Plaintiff was in the custody of the Limon Correctional Facility (LCF) of the CDOC. (Doc. Nos. 1, 3.) Moreover, the Statement of Account Activity attached to Plaintiff's

5

motion to proceed under § 1915 reflects that Plaintiff had been in the custody of the CDOC since at least May 4, 2009.  (*Id.* at 3.)

Defendant submits with his motion the Affidavit of Tasha Dobbs, another CDOC Parole Officer.  (Mot., Ex. A-2 [Dobbs Aff.], ¶ 2 .)  Ms. Dobbs explains that the Regulation provides that a parolee may file a grievance with his parole officer under the CDOC's Administrative Regulation (AR) 850-04.  (*Id.* at ¶ 8.)  The Regulation also states that the grievance procedure is available to offenders sentenced to the CDOC, including offenders who have been released to parole, community, or ISP supervision.  AR 850-04 at Section IV.A.2.  Therefore, AR 850-04 applies to Plaintiff whether he was a parolee or back in CDOC custody.

The AR also states that, "[u]pon entry in the Department of Corrections, each offender shall receive written notification and oral explanation of the grievance procedure."  AR 850-04, § IV.A.1.[2]  The inmate must submit any grievance on a CDOC grievance form and must follow the three-step procedure outlined in the Regulation.  *See* AR 850-04.  The Regulation provides details on grievance-filing procedures.  *Id.*  Plaintiff does not argue that he did not receive the AR upon his entry into the CDOC or that he was unaware of the requirement for exhaustion of his administrative remedies.  Moreover, this court notes that Plaintiff is a sophisticated plaintiff who has filed six civil cases in this Court, all while he was an inmate with the CDOC.

This court determines there is no genuine issue of material fact as to Plaintiff's failure to comply with his obligations under the PLRA to exhaust his administrative remedies as set forth

---

[2]Here, the court takes judicial notice of AR 850-04, as that regulation is found in its entirety on the CDOC website at http://www.doc.state.co.us/index.html.

in the CDOC's administrative remedies under AR 850-04, and summary judgment is properly granted in favor of Defendant.

Because the issue of Plaintiff's failure to exhaust his administrative remedies is clear, this court need not address Defendant's remaining arguments for summary judgment.

WHEREFORE, for the foregoing reasons, this court respectfully

**RECOMMENDS** that "Defendant's Motion for Summary Judgment" (Doc. No. 64) be GRANTED, for Plaintiff's failure to exhaust his administrative remedies.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 14th day of March, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge